# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHNNY GRAVES, | CV F   03 6837 AWI SMS P |
| Plaintiff, | ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND (Doc.  12.) |
| v. | ORDER DIRECTING CLERK OF COURT TO SEND FORMS |
| C/O KELLY, et. al., | |
| Defendants.                                                    / | |

 Johnny Graves  ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

 Plaintiff filed the instant action on December 15, 2003, alleging a violation of his Eighth Amendment rights for excessive force and deliberate indifference.  Plaintiff names Correctional Officer Kelly, Appeals Officer Dunlap, Does 1 through 10 and the Deputy Warden as Defendants.  The Court dismissed the Complaint on May 3, 2005,  as Plaintiff failed to link some of the individuals named in the action to an act or omission giving rise to a constitutional violation and also failed to state sufficient facts with regard to other claims.  Before the Court is Plaintiff's Amended Complaint filed on May 27, 2005.

**A. SCREENING REQUIREMENT**

 The court is required to screen complaints brought by prisoners seeking relief against a

governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984), citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

**B. SUMMARY OF PLAINTIFF'S ALLEGATIONS**

Plaintiff alleges that on September 11, 2002, Defendant Correctional Officer Kelly was going through his personal items for inventory purposes. Plaintiff states that the Defendant then confiscated some of his personal items and destroyed others. When Plaintiff attempted to get the Defendant's name and badge number, she was uncooperative and gave Plaintiff an order to leave the "R&R" area and then pushed Plaintiff from the back toward the door. Plaintiff states that she pushed him with such force that he fell, injuring his knee. Plaintiff states he complained to Defendant Brown about th incident. Plaintiff then states that when Defendant Kelly was asked about the incident, she lied and that Defendant Brown did not correct the lie. Plaintiff states that as a result of the lie, he was not given a hearing on what happened on that day.

Plaintiff stats that E. Harmon investigated the incident and that both Defendants Brown and Kelly lied about the incident "preventing the CDC-adverse judgment on her conduct." (Am.

Compl. at 7.)  Plaintiff later alleges that Ms. Dunlap refused to investigate the evidence of injury making Plaintiff suffer acts of the green wall.  (Am. Compl. at 11.)

**C.  DISCUSSION & CLAIMS FOR RELIEF**

   *1. Linkage Requirement*

   The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  In order to state a claim for relief under section 1983, plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of plaintiff's federal rights.

   In this case, plaintiff names the Deputy Warden and Does 1 through 10 as defendants but he does not link any named individual to an act or omission giving rise to a constitutional violation.  As such, there is no claim for relief stated with respect to these individuals.

   *2. Excessive Force*

   When a prison official stands accused of using excessive physical force in violation of the cruel and unusual punishment clause of the Eighth Amendment, the question turns on whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically for the purpose of causing harm.  Hudson v. McMillian, 503 U.S. 1, 7 (1992) (citing Whitley v. Albers, 475 U.S. 312, 320-21 (1986)).

In determining whether the use of force was wanton and unnecessary, it is proper to consider factors such as the need for application of force, the relationship between the need and the amount of force used, the threat reasonably perceived by the responsible officials, and any efforts made to temper the severity of the forceful response. Hudson, 503 U.S. at 7. The extent of a prisoner's injury is also a factor that may suggest whether the use of force could plausibly have been thought necessary in a particular situation. Id. Although the absence of serious injury is relevant to the Eighth Amendment inquiry, it is not determinative. Id. That is, use of excessive physical force against a prisoner may constitute cruel and unusual punishment even though the prisoner does not suffer serious injury. Id. at 9.

In addition, an inmate need not have suffered serious injury to bring an excessive force claim against a prison official, "[not] every malevolent touch by a prison guard gives rise to a federal cause of action. Hudson, 503 U.S. at 9. "Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates a prisoner's constitutional rights." Id. (citing Johnson v. Glick, 481 F.2d 1028, 1033 (2d Cir.)(cert. denied sub nom. Johnson, 414 U.S. 1033 (1973)). The Eighth Amendment's prohibition on cruel and unusual punishments necessarily excludes from constitutional recognition de minimus uses of physical force. Id. at 9-10.

Plaintiff alleges that Defendant Kelly pushed him with sufficient force that he fell to the ground injuring his knee. Plaintiff's allegations are sufficient to state a cognizable claim of excessive force against Defendant Kelly.

### c. Due Process

The Due Process Clause protects prisoners from being deprived of liberty without due process of law. Wolff v. McDonnell, 418 U.S. 539, 556 (1974). In order to state a cause of action for deprivation of procedural due process, a plaintiff must first establish the existence of a liberty interest for which the protection is sought.

In this case, Plaintiff alleges that his due process rights were violated because "the lie" was not corrected. However, Plaintiff does not have a liberty interest in a "lie" being corrected. From the facts alleged, it appears Plaintiff filed a staff complaint against Defendant Kelly and

4

when an investigation was done, Defendants Kelly and Brown did not "correct the lie" such that Defendant Kelly was not punished. Plaintiff's allegations against Defendants Kelly and Brown, however, do not give rise to a due process claim for relief.

Similarly, Plaintiff fails to state a due process claim against Defendant Dunlap. Plaintiff here alleges that Defendant Dunlap is at fault because she refused to investigate the evidence of Plaintiff's injury. However, Plaintiff has not established a liberty interest in having an investigation into staff misconduct conducted to his satisfaction. Accordingly, Plaintiff fails to state a cognizable due process claim against Defendant Dunlap.

### D. The Department of Corrections

Plaintiff also names the Department of Corrections as a Defendant. However, the California Department of Corrections is not a "person" within the meaning of Section 1983. See, Alabama v. Pugh, 438 U.S. 781, 782 (1788) (*per curiam*) (concluding that the suit against the state Board of Corrections was barred by the Eleventh Amendment; Hale v. Arizona, 993 F.2d 1387, 1398-99 (9th Cir. 1993 (*en banc*) )concluding that the Arizona Department of Corrections was an arm of the state and thus, not a person for § 1983 purposes); Gilbreath v. Cutter Biological, Inc., 931 F.2d 1320, 1327 (9th Cir. 1991 (same); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir.1989) (holding that a state agency is immune from suit under the Eleventh Amendment). Thus, Plaintiff does not state a cognizable claim against the Department of Corrections.

**D. CONCLUSION**

The Court finds Plaintiff's Complaint states a cognizable Eighth Amendment claim for excessive force against Defendant Kelly. However, Plaintiff's Complaint does not contain any other cognizable claims for relief against any of the named Defendants. As such, the Court will grant Plaintiff the opportunity to file a Second Amended Complaint to cure the deficiencies, or, in the alternative, notify the Court in writing whether Plaintiff intends to proceed directly with the claim found cognizable against Defendant Kelly. Plaintiff should note that Local Rule 15-220 requires that an Amended Complaint be complete in itself without reference to prior pleadings.

In the event Plaintiff wishes to proceed on the cognizable claim against Defendant Kelly,

5

the Court will issue Findings and Recommendations to dismiss those claims not cognizable. The Court will then forward Plaintiff a summons and USM-285 form to fill out and return to the Court in order to effect service on the Defendants. Upon the return of these forms, the Court will direct the US Marshal to initiate service of process on Defendants.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk of Court is DIRECTED to SEND Plaintiff a blank civil rights complaint form;

2. The Amended Complaint is DISMISSED with leave to amend. Within THIRTY (30) days from the date of service of this order, Plaintiff SHALL either:

   a. File a Second Amended Complaint curing the deficiencies identified by the Court in this Order, or

   b. Notify the Court in writing that he does not wish to file a Second Amended Complaint and instead wishes to proceed on the cognizable claims for relief set forth in this Order.

Plaintiff is forewarned that his failure to comply with this Order may result in a Recommendation that the Complaint be dismissed pursuant to Local Rule 11-110.

IT IS SO ORDERED.

**Dated:   October 10, 2006**            /s/ Sandra M. Snyder
icido3                                    UNITED STATES MAGISTRATE JUDGE